**In the Interest of S.M.T. and S.E.C.**

**No. 09–06–525 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 1, 2007.

Decided Nov. 29, 2007.

---

Christine R. Brown–Zeto, Blaine M. Goins, Orange, for appellants.

Gerry Williams, TDFPS General Counsel, Duke Hooten, Office of General Counsel, Austin, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Nicole Carriker and Mark Carriker appeal the jury verdict and judgment terminating their parental rights as to their children, S.M.T. and S.E.C. We affirm.

Mark Carriker failed to appear for a pre-trial indigence hearing, did not have appointed trial counsel, and although he was present immediately before trial commenced, he did not attend the trial.[1] Represented by appointed counsel throughout the trial, Nicole Carriker requested a continuance because she had infected wisdom teeth. Recalling that she had made a similar claim in seeking to delay a previous hearing, the trial court denied the motion. Nicole was absent during the trial but appeared after testimony concluded.

The trial court signed the judgment on September 20, 2006. Neither appellant filed a statement of points for appeal by October 5, 2006. See TEX. FAM.CODE ANN. § 263.405(b) (Vernon Supp.2007). In a letter dated October 16, 2006, Mark Carriker stated, "I am requesting a court ap[p]ointed attorney to request a new trial on the grounds that a court ap[p]ointed attorney was not ap[p]ointed the first time." In a letter bearing the same date, Nicole Carriker stated, "I am requesting a court ap[p]ointed attorney for an appeal of the judgment terminating the parent-child relationship to [S.M.T. and S.E.C.] on my behalf." Neither appellant appeared at the hearing conducted on November 8, 2006; Nicole Carriker's attorney informed the Court that the only communication he had with her occurred two-and-one-half weeks earlier when Nicole Carriker contacted the attorney's office about withdrawing from the case so she could obtain court-appointed counsel for an appeal. The trial court found that no substantial question for appeal was presented and that the appellants failed to prove their inability to pay costs on appeal. Because the order was signed more than thirty-six days after the judgment date, however, we held the appellants were entitled to indigent status for the appeal and ordered the trial court to appoint counsel to represent each of the appellants before this Court. See id. § 263.405(e).

On appeal, both appellants challenge the legal and factual sufficiency of the evidence supporting the jury's verdict. Nicole also contends she received ineffective assistance of counsel and claims the trial court erred in overruling her motion for a continuance.

First, we must decide if we may address these issues on their merits. The Carrikers did not preserve their legal and factual sufficiency issues in a motion for instructed verdict, an objection to the charge, a motion for judgment notwithstanding the verdict, or a motion for new trial. None of the issues raised in this appeal were presented to the trial court in a timely-filed statement of points for appeal. We cannot

---

1. He apparently left after counsel for the Department asked that he be required to stay in court throughout the proceedings and Mark learned that he could be called to testify.

"consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i).

■■■ Generally, the rules governing error preservation do not deprive a parent of due process. *See In the Interest of B.L.D.*, 113 S.W.3d 340, 354–55 (Tex.2003). Counsel's unjustifiable failure to preserve certain issues for review, however, may deprive a parent of due process. *In the Interest of M.S.*, 115 S.W.3d 534, 548 (Tex. 2003). To establish a claim of ineffective assistance, the appellant must establish both deficient performance by counsel and prejudice. *Id.* at 545. Nicole suggests her counsel's failure to file post-trial pleadings and to preserve her sufficiency issues demonstrates that counsel's performance fell below established levels of professional norms. *See id.* at 548–50.

■■■ In this case, neither prong of the inquiry is met. Any claim of ineffective assistance must be firmly founded in the record and the record must affirmatively demonstrate the ineffectiveness. *Doe v. Brazoria County Child Protective Servs.*, 226 S.W.3d 563, 572 (Tex.App.-Houston [1st Dist.] 2007, no pet.). An appellant's general assertions regarding the appointment of appellate counsel do not compel a conclusion that the appellant was precluded from exercising the right to appeal. *Pool v. Tex. Dep't of Fam. & Prot. Servs.*, 227 S.W.3d 212, 216 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Although appellate counsel was not appointed within fifteen days of the judgment date, Nicole was still represented by her trial counsel at that time. We can only speculate about the reasons why counsel did not file a statement of points. We do not know what information and advice counsel gave Nicole Carriker regarding an appeal.

From her actions it is apparent that the appellant was aware that she had a right to appeal and that she had a right to appellate counsel. It is also apparent that Nicole did not inform trial counsel that she desired to appeal until after the time for filing a statement of points had expired, and when she did communicate with counsel, it was to ask him to withdraw from the case. The appellants had an opportunity to develop a record to support their claims when the trial court conducted the hearing on November 8, 2006, and had another opportunity when we remanded the case to the trial court for appointment of counsel. Nicole Carriker fails to overcome the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See In the Interest of H.R.M.*, 209 S.W.3d 105, 111 (Tex.2006).

■■■ To establish prejudice, Nicole would have to show that counsel's failure to file a statement of points for review prevented her from asserting a valid challenge to the factual sufficiency of the evidence. *See Interest of M.S.*, 115 S.W.3d at 550. Nicole argues the evidence supporting the grounds for termination shows only that she kept a dirty house and allowed her oldest child to play outside unsupervised, but the evidence of neglect was far more compelling. For instance, the three-year-old child was found alone on the side of a busy highway. A passing motorist secured the child and brought her to Nicole, who was not aware that the child was outside. This was not an isolated incident, as the Department learned of another occasion when the child was playing next to the highway. The Department investigator considered the condition of the home to be so unsanitary as to pose a risk to the child. She found a lot of food on the floor and "cockroaches were everywhere." When the Department intervened, the oldest child had a substantial cut on her foot;

the child had needed, but had not gotten, stitches to close the wound. The four-month-old baby was constipated from being fed primarily cereal; in an attempt to treat the constipation, the mother gave the infant adult-strength laxative that caused diarrhea. The baby had flea bites all over her body. The oldest child exhibited substantial developmental delays that improved once she entered foster care.

A neighbor testified that the Carrikers' house was "[f]ilthy, dirty, unlivable." Nicole was either lazy or depressed, she did no housekeeping at all, and the neighbor performed all of the cleaning at the home. Family and friends raised the children and Nicole did not do much for the children. The neighbor testified that on "[m]any occasions" the three-year-old brought her dirty clothes over to the neighbor's and asked the neighbor to wash them and give her a bath and feed her. The neighbor also overheard a conversation that indicated Mark Carriker was taking a shower with the three-year-old; when the neighbor confronted Nicole and told her something had to be done about it, Nicole replied that she could not do anything because he pays the rent. The neighbor confirmed that the child often played two or three feet from the edge of the highway, which had a seventy-mile-per-hour speed limit, and in the water in the ditch at the side of the road. The jury could reasonably have formed a firm belief as to the truth of the termination findings. *See* TEX. FAM.CODE ANN. § 161.001(1)(D), (E) (Vernon Supp.2007).

Nicole argues that the evidence did not clearly and convincingly show that the children would suffer from emotional and physical danger or that termination would be in the best interests of the children. To the contrary, the consensus of the witnesses at trial was that Nicole showed no sign of improvement in either child care or in providing for the physical and emotional needs of the children, and that termination would be in the best interest of the children. Because the evidence supports the jury's findings, Nicole was not prejudiced by her counsel's failure to challenge the findings in a statement of points for appeal.

 Nicole also fails to establish deficient performance and prejudice regarding counsel's performance at trial. Section 263.405(i) of the Texas Family Code applies to claims relating to ineffective assistance of counsel at trial. *In the Interest of J.F.R.*, No. 09–06–115 CV, 2007 WL 685640, at *2 (Tex.App.-Beaumont Mar.8, 2007, no pet.) (mem.op.); *see* TEX. FAM. CODE ANN. § 263.405(i). The record is silent regarding trial counsel's preparation for trial and the trial strategy underlying the decisions criticized in Nicole's brief. For instance, Nicole complains that the girls were not called as witnesses, but there is no evidence that either child was competent to testify. Appellate counsel complains that trial counsel allowed the Department to introduce hearsay, but the appellant does not identify the offending evidence, explain how it was inadmissible, or show how its admission prejudiced her. Thus, she has not shown that we must disregard the preservation requirements of Section 263.405(i).

Nicole presents no argument for disregarding the preclusive effect of Section 263.405(i) on her issue regarding the denial of a continuance. Likewise, Mark Carriker does not raise an issue regarding denial of counsel as a due process issue that precludes the application of Section 263.405(i).

 In his sole issue, Mark contends the evidence is legally and factually insufficient to support the jury's findings. Mark contends he complied with Section 263.405(b) in his request for counsel. *See*

Tex. Fam.Code Ann. § 263.405(b). The request is dated October 16, 2006, and therefore could not have been filed within fifteen days of September 20, 2006. Because Mark did not file a timely statement of points, he failed to preserve error on the issue presented in his brief. *See In the Interest of R.C.*, No. 07–06–444 CV, 2007 WL 1219046, *1–*2, 243 S.W.3d 674, 675–676 (Tex.App.-Amarillo Apr.25, 2007, no pet.).

We overrule the appellants' issues and affirm the judgment of the trial court.

AFFIRMED.