210 S.W.3d 776 (2006)
In the Interest of D.S.P. and H.R.P., Children.
No. 13-04-657-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
December 7, 2006.
*777 Luis Javier Corona, Corpus Christi, for appellant.
James M. Hendrex, Dudley & Hendrex, Corpus Christi, for appellee.
Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

OPINION
Opinion by Justice YAÑEZ.
This appeal is from a judgment terminating the parental rights of a biological mother and father and awarding custody of their two children, D.S.P. and H.R.P., to the children's paternal grandparents. The father voluntarily relinquished his rights to the children, and there being no appeal from that part of the judgment terminating his rights, that part of the judgment has become final. Appellant, the mother, appeals from that part of the judgment terminating her rights. On appeal, she raises three issues, which can be properly narrowed and addressed as two: (1) the evidence is legally and factually insufficient to support termination under Texas Family Code section 161.001(1)(F); and (2) the evidence is legally and factually insufficient to support termination under Texas Family Code section 161.001(2).[1] As to that part of the judgment terminating appellant's parental rights, we reverse and render judgment in favor of appellant.

Background
Appellant had two children out of wedlock with the children's father. The first child, D.S.P., was born in September 1998; the second child, H.R.P., was born in July 2000. On October 16, 2000, shortly after the birth of their second child, the trial court appointed appellant sole managing conservator of D.S.P. The father was appointed possessory conservator and both of his parents, appellees,[2] were afforded limited visitation and possession rights.
On February 8, 2002, the children's paternal grandmother was appointed sole managing conservator of D.S.P. and H.R.P., while the children's parents were made possessory conservators. Two years later, on February 5, 2004, appellees petitioned to adopt the children and to terminate the parental rights of both parents. On November 17, 2004, the trial court *778 ruled in appellees' favor, finding by clear and convincing evidence that both parents had failed to support the children in accordance with their ability during a period of one year ending within six months of the date of the filing of the petition, and that termination of the parent-child relationship was in the best interest of the children.

Standard of Review
A parent's right to "the companionship, care, custody, and management" of her children is a constitutional interest "far more precious than any property right."[3] The United States Supreme Court has emphasized that "the interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court."[4] Likewise, the Texas Supreme Court has also concluded that "this natural parental right" is "essential," "a basic civil right of man," and "far more precious than property rights."[5] Consequently, termination proceedings must be strictly scrutinized, and "involuntary termination statutes are strictly construed in favor of the parent."[6]
Because termination "is complete, final, irrevocable, and divests for all time that natural right . . . the evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights."[7] Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."[8] Because termination findings, must be based upon clear and convincing evidence, not simply a preponderance of the evidence, the Texas Supreme Court has held that the traditional legal and factual standards of review are inadequate.[9] Instead, in conducting a legal-sufficiency review in a termination-of-parental-rights case, we must determine whether the evidence, viewed in the light most favorable to the finding, is such that the fact finder could reasonably have formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof.[10] In viewing the evidence in the light most favorable to the judgment, we "must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so," and we "should disregard all evidence that a reasonable fact finder could have disbelieved or found to be incredible."[11]
In conducting a factual sufficiency review in a termination-of-parental-rights case, we must determine whether, considering the entire record, including both evidence supporting and evidence contradicting the finding, a fact finder reasonably could have formed a firm conviction or belief about the truth of the matter on which the movant in a parental termination *779 proceeding bore the burden of proof.[12] We should consider whether the disputed evidence is such that a reasonable fact finder could not have resolved the disputed evidence in favor of its finding.[13] "If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient."[14]

Grounds for Termination
Before parental rights may be terminated, the evidence must establish (1) a statutory ground for termination and (2) that termination is in the best interest of the child.[15] The statutory ground at issue here is section 161.001(F). Under subsection (F), the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition.[16] One year means twelve consecutive months, and the ability to pay support must exist each month during the twelve-month period.[17]

Analysis
We first address appellant's claim that the evidence is legally and factually insufficient to support termination under Texas Family Code section 161.001(1)(F).
The appellees filed their original petition on February 5, 2004, so we must consider any consecutive one-year period that would have begun between September 5, 2002, and February 5, 2004. On February 8, 2002, under the trial court's Order in Suit Affecting/Modifying the Parent  Child Relationship, whereby appellant was appointed possessory conservator, appellant was ordered to pay the following in child support: (1) $100.00 per month, with the first payment being due and payable on March 1, 2002, and on the first day of each month thereafter for six consecutive months; and (2) $195.00 per month thereafter, with the first payment being due and payable on September 1, 2002. Appellant was therefore obligated to make monthly support payments of $195.00 during the time frame under consideration.
Appellant testified that between September 5, 2002, and February 5, 2004, she failed to make any child support payments, was unemployed, and was not receiving unemployment benefits.[18] According to her testimony, she lived with her mother and sister during this time, both of whom worked to support the household. In return, appellant cared for her sister's child during the day, precluding her ability to seek employment. Appellant maintains, *780 however, that she did apply for several minimum wage jobs, but was unsuccessful. Though she did not finish high school, appellant testified that she did obtain a G.E.D. and is capable of reading and writing. Aside from her own testimony, the only other evidence at trial addressing whether appellant failed to support her children in accordance with her ability was the testimony of appellees. With regard to this matter, they testified that appellant had failed to pay child support and expressed skepticism toward appellant's alleged inability to find employment.
Appellees contend that clear and convincing evidence exists that appellant failed to support her children in accordance with her ability for a period of one year in light of (1) her testimony, which evidences her intentional unemployment or underemployment; and (2) her lack of evidence supporting her inability to maintain employment at the federal minimum wage level. To support their contention, they cite this Court's ruling in In re R.R.F., 846 S.W.2d 65 (Tex.App.-Corpus Christi 1992, no writ).
In R.R.F., we affirmed the termination of a father's parental rights based on three statutory grounds for termination, one of which was Texas Family Code section 15.02(1)(F), the predecessor to section 161.001(1)(F).[19] In addressing the father's sufficiency of the evidence challenge to the trial court's finding that he failed to support his children in accordance with his ability, we held that (1) a "child support order includes within it an implicit finding that the obligor has the means to pay the amount ordered," and (2) "the inability to pay support under a valid order is an affirmative defense that must be raised by the party defending the allegation of failure to pay support."[20] The latter holding derived from the Court's analogizing a termination proceeding to a contempt proceeding for failure to pay child support.[21] We noted that both proceedings involved a non-paying parent that stood in jeopardy of either loss of parental rights or incarceration, and reasoned that because inability to pay is an affirmative defense in a contempt proceeding, it is also an affirmative defense in a termination proceeding.[22] As a result of our two holdings, and upon finding that the father in R.R.F. did not meet his burden to show his inability to pay the support ordered, we overruled his evidentiary challenge.[23]
Our application of law in R.R.F., as it relates to section 161.001(1)(F), has been both criticized[24] and utilized approvingly.[25] The basis for criticism largely stems from our analogy between a termination proceeding and a contempt proceeding for failure to pay child support. In reviewing our holding in R.R.F. and its subsequent treatment, we find the criticism to be persuasive.
*781 The problem with the analogy begins with the fact that the proceedings are governed by independent statutes that impose different burdens on the parties involved. In a contempt proceeding, the obligee bears the burden of proving that child support was due and not paid.[26] Once the obligee has met that burden, the obligor may plead the affirmative defense of inability to provide support, which the obligor then has the burden to prove by a preponderance of the evidence.[27] This is in contrast to a termination proceeding governed by section 161.001, which (1) is devoid of any language regarding affirmative defenses, (2) includes as an element of termination the failure to pay in accordance with ability, and (3) demands that each finding required for termination of the parent-child relationship be based on clear and convincing evidence.[28] In addition to these statutory distinctions, we also note that the proceedings differ in that "the consequences of termination are permanent, unlike the consequences of modification and enforcement proceedings, which makes an analogy between the two fairly weak. One can purge contempt by payment; once termination is final, there is no recourse."[29]
In light of the above reasoning, we conclude that our holding in R.R.F., that "in a termination proceeding, the inability to pay support under a valid order is an affirmative defense that must be raised by the party defending the allegation of failure to pay support," is in error.[30] Furthermore, while a child support order does contain an implied finding that the obligor has the ability to pay the support, we conclude that this matter should not be afforded any relevance in a termination proceeding involving section 161.001(1)(F). Requiring a parent at risk of losing her parental rights to present evidence of her inability to pay for the purpose of either (1) asserting an affirmative defense or (2) overcoming a child support order's implied finding of ability to pay, wrongfully shifts the burden of proving ability to pay to the parent and excuses the movant in the termination proceeding from the burden of proving that the parent failed to support in accordance with the parent's ability. Furthermore, an application of law that allows for such a result seemingly runs afoul of rulings from the Texas Supreme Court, which has ruled that "involuntary termination statutes are strictly construed in favor of the parent."[31] Accordingly, we hereby overrule the reasoning and holdings in R.R.F. that have been applicable to this discussion.
In reviewing the evidence supporting the termination of appellant's parental rights under Texas Family Code section 161.001(1)(F), we find that there was clear and convincing evidence that appellant failed to support her children for a period of one year ending within six months of the date of the filing of the petition. We also find, however, that there was no evidence that appellant failed to support her children in accordance with her ability during that time.
*782 In Brokenleg v. Butts, the El Paso Court of Appeals found there was undisputed evidence that during the entire period prior to the filing of the petition for termination of parental rights, the mother made no contribution to the support of her child.[32] The court, however, ruled that the trial court erred in terminating the mother's parental rights, so that the child might be adopted by her grandparents, on the ground that she failed to support her child "in accordance with her ability" during the relevant period.[33] During the relevant period, the mother went through various phases of employment and unemployment.[34] The court found that the trial court erred because there was no evidence that the mother had any ability to support her child during the time that she was unemployed.[35]
In this case, as in Brokenleg, no evidence was presented to show that appellant had the ability to support her children while she was unemployed. Though appellees contend that appellant's inability to support is the result of her own doing, it was their burden to prove failure to support, "even where the inability to pay is the result of the parent's conscious choice."[36] We conclude that they failed to meet this burden.
Accordingly, we hold that the evidence was legally insufficient for a reasonable fact finder to form a "firm belief or conviction" that appellant failed to support her children in accordance with her ability between September 5, 2002, and February 5, 2004. We further hold that the trial court erred in terminating appellant's parental rights on the grounds that she violated section 161.001(1)(F).[37]

Conclusion
Having held that the trial court erred in terminating appellant's parental rights on grounds that she violated section 161.001(1)(F), we need not address appellant's remaining issues.[38]
We reverse the trial court's termination of appellant's parental rights and render judgment in favor of appellant.
NOTES
[1] TEX. FAM.CODE ANN. § 161.001(1), (2) (Vernon Supp.2006).
[2] Appellees are the father's biological mother and step-father.
[3] Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).
[4] Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
[5] Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).
[6] Id.
[7] Id. (citing Santosky, 455 U.S. at 747, 102 S.Ct. 1388; Richardson v. Green, 677 S.W.2d 497 (Tex.1984)).
[8] Tax. FAM.CODE ANN. § 101.007 (Vernon 2002); In re J.F.C., 96 S.W.3d 256, 264 (Tex.2002).
[9] In re J.F.C., 96 S.W.3d at 264-66.
[10] See id. at 266.
[11] In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (citing In re J.F.C., 96 S.W.3d at 266).
[12] Id.; In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).
[13] In re J.F.C., 96 S.W.3d at 266-67.
[14] Id. at 266.
[15] TEX FAM.CODE ANN. § 161.001(1), (2) (Ver-non Supp.2006).
[16] Tax FAM.CODE ANN. § 161.001(1)(F) (Vernon Supp.2006).
[17] In re Z.W.C., 856 S.W.2d 281, 283 (Tex. App.-Fort Worth 1993, no writ); Craddock v. Worley, 601 S.W.2d 445, 445 (Tex.Civ.App.-Dallas 1980, no writ).
[18] Appellant testified that she began making child support payments in the amount of $125.00 per month starting in June 2004, which is when she started babysitting for her aunt, earning $150.00 a week. This occurred, however, approximately four months after appellees filed their petition to terminate; as a result, this testimony will not be considered in our section 161.001(1)(F) analysis.
[19] In re R.R.F., 846 S.W.2d 65 (Tex.App.-Corpus Christi 1992, no writ).
[20] Id. at 68.
[21] Id.
[22] Id.
[23] Id.
[24] See Morris v. Barnes, No. 03-02-00546-CV, 2004 WL 792201, at *4, 2004 Tex.App. LEXIS 3397, at *11-14 (Tex.App.-Austin April 15, 2004, no pet. h.) (mem. op.); James W. Paulsen, Family Law: Parent and Child, 47 SMU L.Rev. 1197, 1217-19 (1994).
[25] See In the Interest of C.H.W., No. 13-02-341-CV, 2003 WL 22862372, at *3, 2003 Tex. App. LEX1S 10180, at *7-8 (Tex.App.-Corpus Christi Dec. 4, 2003, pet. denied); In the Interest of J.M.M., 80 S.W.3d 232, 250-51 (Tex.App.-Fort Worth 2002, pet. denied).
[26] See TEX. FAM.CODE ANN. § 157.002 (Vernon Supp.2006); Gonzalez v. Tippit, 167 S.W.3d 536, 543 (Tex.App.-Austin 2005, no pet. h.).
[27] See TEX. FAM.CODE ANN. §§ 157.006, 157.008(c) (Vernon Supp.2006).
[28] See TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2006).
[29] Morris, 2004 WL 792201, at *4, 2004 Tex. App. LEXIS 3397, at *12-13.
[30] In re R.R.F., 846 S.W.2d at 68.
[31] Holick, 685 S.W.2d at 20 (citing Cawley v. Allums, 518 S.W.2d 790, 792 (Tex.1975); Heard v. Bauman, 443 S.W.2d 715, 719 (Tex. 1969)).
[32] Brokenleg v. Butts, 559 S.W.2d 853, 856 (Tex.Civ.App.-El Paso 1977, writ ref'd n.r.e.).
[33] Id. at 855.
[34] Id. at 856.
[35] Id.
[36] In re Guillory, 618 S.W.2d 948, 951 (Tex. Civ.App.-Houston [1st Dist.] 1981, no writ) (citing Compasano v. Texas, 576 S.W.2d 100, 104 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ)).
[37] Having held that the trial court's findings to terminate appellant's parental rights under section 161.001(1)(F) were not supported by legally sufficient evidence, we need not address appellant's factual sufficiency arguments. See TEX.R.APP. P. 47.1.
[38] See TEX.R.APP. P. 47.1.