NUMBER 13-10-283-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

IN
THE INTEREST OF L.V., J.M., A.M., MINOR CHILDREN

                                                                                                                     
  

 

On appeal from County
Court at Law No. 5 

of Nueces County,
Texas.

                                      
                                                                               

 

MEMORANDUM OPINION

 

Before Justices Garza,
Benavides, and Vela

Memorandum Opinion by
Justice Vela

 

This is an appeal from a judgment
terminating appellant, Johnny Montalvo’s, parental rights to A.M. and J.M., two
of his children.  The order terminates his parental rights under sections
161.001(1)(D), (E), and (O) of the Texas Family Code.  See Tex. Fam. Code Ann. § 161.001(1)(D),
(E), and (O) (Vernon Supp. 2010).  The trial court also found that termination is
in the children’s best interest.  See § 161.001(2).  The case was tried
jointly with that of Stephanie Perez a/k/a Stephanie Flores, the mother of A.M.
and J.M.  The trial court terminated Stephanie’s parental rights to A.M., J.M.,
and L.V., a child born of a previous relationship.[1] 
There were accusations that L.V. had been sexually abused by one of Stephanie’s
previous boyfriends and by appellant’s brother.  The trial court found that
appellant failed to protect L.V. from exposure to sexual abuse and that
exposure to sexual abuse endangered all of the other children living in the
home.  

 By five issues, appellant argues that the
evidence was legally and factually insufficient to establish that:  (1)
appellant knowingly placed the children with persons who engaged in conduct
that endangered their physical or emotional well-being; (2) appellant engaged
in conduct that endangered the physical or emotional well-being of the
children; (3) appellant knowingly allowed the children to remain in conditions
or surroundings that endangered their physical or emotional well-being; (4)
appellant failed to comply with a service plan; and (5) termination of
appellant’s parental rights was in the children’s best interest.  We affirm.

I. 
Background

            

 Appellant has three biological
children; two of them, A.M. and J.M., are the children who are the subjects of
this case.  The third, S.M., is the youngest and the subject of a separate
proceeding.  Stephanie, appellant’s live-in girlfriend, has five children,
including A.M. and J.M.  On March 7, 2008, L.V., J.M., and A.M. were brought
into the care of the Department of Family and Protective Services (the
“Department”) after the birth of A.M., who tested positive for cocaine at
birth.  Stephanie also testified positive for cocaine on the same date. 
Appellant also tested positive for cocaine around this time.  

The children were later returned to the
home, but were removed from the home again in April of 2009, based upon
allegations that Stephanie had physically abused A.M. by breaking the child’s
arm while removing her from a child safety seat and by slapping the child. 
Appellant was not present when these events occurred.  At that time,
Stephanie’s aunt, Beatrice Caceres, was another person who took care of A.M. 
The trial court found that Stephanie was the cause of physical injury to A.M.
by causing a slap- mark bruise on her cheek, scarring the soft tissue of A.M.’s
mouth, and by fracturing her arm.  

Stephanie used cocaine within a month
before A.M. was born.  She left appellant for a time in January or February of
2008, because she believed appellant had cheated on her.  She admitted that she
began using cocaine at age sixteen.  Stephanie tested positive for cocaine in
September and December of 2005 as well as January, February and March of 2006. 
J.M., appellant’s son, was born October 12, 2006.  Stephanie admitted that all
three of appellant’s children had been exposed to cocaine in utero.  

Appellant tested positive for cocaine in
2008.  He did not test positive at the other times when tested.  Angela Craig,
Court Appointed Special Advocate (“CASA”) and guardian ad litem for the
children, testified that Stephanie had discussed appellant’s use of drugs in
court and was concerned about going home to him.  Stephanie, on other occasions,
denied that she used drugs with appellant.

Appellant admitted that he was aware
Stephanie tested positive for cocaine in October and December of 2005 and
January of 2006.  He also knew that she was using cocaine while she was
pregnant with A.M.  He agreed that A.M’s developmental problems were
attributable to Stephanie’s cocaine abuse.  He never called the Department or
the police.  When appellant was asked what steps he took to assure that
Stephanie would not use cocaine, appellant stated:  “Yes, I did with some
arguments that we had.  I just thought it wasn’t good for her to leave home.” 
He also stated that he could not control Stephanie’s drug use.  There was no
evidence that appellant ever called either the police or the Department with
respect to Stephanie’s drug use.  In fact, he stated that he planned to marry
Stephanie when she divorced her husband.    

The case was tried to the court, which
terminated the parental rights of both appellant and Stephanie to A.M. and J.M.

II. Standard of Review

Involuntary termination of parental
rights involves fundamental constitutional rights and divests the parent and
child of all legal rights, privileges, duties, and powers normally existing
between them, except for the child's right to inherit from the parent.  Holick
v. Smith, 685 S.W.2d 18, 20 (Tex. 1985); see In re D.S.P., 210
S.W.3d 776, 778 (Tex. App.−Corpus Christi 2006, no pet.).  “Consequently,
termination proceedings must be strictly scrutinized, and ‘involuntary
termination statutes are strictly construed in favor of the parent.’”  In re
D.S.P., 210 S.W.3d at 778 (quoting Holick, 685 S.W.2d at 20).

 

 

 Due process requires that termination
be supported by clear and convincing evidence.  In re E.M.E., 234 S.W.3d
71, 72 (Tex. App.−El Paso 2007, no pet.) (citing In re J.F.C., 96
S.W.3d 256, 263 (Tex. 2002)); see Tex.
Fam. Code Ann. § 161.001.  This intermediate standard falls between the
preponderance of the evidence standard of civil proceedings and the reasonable
doubt standard of criminal proceedings.  In re E.M.E., 234 S.W.3d at
73.  It is defined as the “measure or degree of proof that will produce in the
mind of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established.”  Tex.
Fam. Code Ann. § 101.007 (Vernon 2008).

In reviewing the legal sufficiency of
the evidence supporting parental termination, we must look at all the evidence
in the light most favorable to the finding to determine whether a reasonable
trier of fact could have “formed a firm belief or conviction about the truth of
the matter on which the movant in a termination proceeding bore the burden of
proof.”  In re D.S.P., 210 S.W.3d at 778 (citing In re J.F.C., 96
S.W.3d at 266).  We must assume that the fact finder resolved disputed facts in
favor of its finding, if it was reasonable to do so and must disregard all
evidence that a reasonable fact finder could have disbelieved or found to be
incredible.  Id.; see In re E.M.E., 234 S.W.3d at 73. 
“This does not mean we must disregard all evidence that does not support the
finding, but if we determine that no reasonable fact finder could have formed a
firm belief or conviction that the matter to be proven is true, then the
evidence is legally insufficient.”  In re E.M.E., 234 S.W.3d at 73.

            In reviewing the evidence for factual
sufficiency, we must give due deference to the fact finder's findings and not
supplant its judgment with our own.  In re H.R.M., 209 S.W.3d 105, 108
(Tex. 2006).  We must determine whether, on the entire record, a fact finder
could reasonably form a firm conviction or belief about the truth of the matter
on which the movant bore the burden of proof.  In re C.H., 89 S.W.3d 17,
27 (Tex. 2002); In re T.B.D., 223 S.W.3d 515, 517 (Tex.
App.−Amarillo 2006, no pet.).  If, in light of the entire record, the
disputed evidence that a reasonable fact finder could not have credited in
favor of the finding is so significant that a fact finder could not reasonably
have formed a firm belief or conviction in the truth of its finding, then the
evidence is factually insufficient.  In re H.R.M., 209 S.W.3d at 108.

III. Applicable Law

Before terminating parental rights, the
trial court must find that:  (1) the parent committed an act prohibited by
section 161.001(1) of the family code, and (2) termination is in the best
interest of the child.  Tex. Fam. Code
Ann. § 161.001; In re N.A.F., 282 S.W.3d 113, 115 (Tex.
App.−Waco 2009, no pet.).  The fact finder must find that both elements
are established by clear and convincing evidence; proof of one element does not
relieve the movant of the burden of proving the other.  In re N.A.F.,
282 S.W.3d at 115-16 (citing Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976))
(other citations omitted). 

        Here, the trial court found that
clear and convincing evidence existed with regard to three grounds for
termination that were sought with regard to appellant in this case.[2] 
Only one ground, in addition to a best interest finding however, is necessary
to support a judgment in a parental-rights termination case.  In re E.M.M., 221
S.W.3d 815, 821 (Tex. App.−Fort Worth 2007, no pet.); see In re A.V.,
113 S.W.3d 355, 302 (Tex. 2003).  Therefore, when termination is based on
multiple grounds under section 161.001(1), as it was here, we must affirm the
termination order if the evidence is sufficient to support termination based on
any one of the grounds found by the district court.  

 

IV. Analysis

The trial court may order termination of
the parent-child relationship if it finds by clear and convincing evidence that
the parent has knowingly placed or knowingly allowed the child to remain in
conditions or surroundings that endanger the physical or emotional well-being
of the child.  Tex. Fam. Code Ann.
§ 161.001(1)(D).  Endangerment means to expose to loss or injury, to
jeopardize.  In re J.T.G., 121 S.W.3d 117, 125 (Tex. App.−Fort
Worth 2003, no pet.).  Under subsection (D), it is necessary to examine
evidence related to the environment of the child to determine if the
environment was the source of endangerment to the child's physical or emotional
well-being.  In re D.T., 34 S.W.3d 625, 632 (Tex. App.−Fort Worth
2000, pet. denied).  Conduct of a parent in the home can create an environment
that endangers the physical and emotional well-being of a child.  In re
J.T.G., 121 S.W.3d at 125.  Parental and caregiver illegal drug use
supports a conclusion that the children's surroundings endanger their physical
or emotional well-being.  Id.; see In re S.D., 980 S.W.2d 758,
763 (Tex. App.−San Antonio 1998, pet. denied).

The relevant conduct includes not only
the parents' conduct as evidenced by the parents' acts, but also the parents'
omissions or failures to act.  In re M.J.M.L., 31 S.W.3d 347, 351 (Tex.
App.−San Antonio 2000, pet. denied); Edwards v. Tex. Dep't of Protective
& Regulatory Servs., 946 S.W.2d 130, 138 (Tex. App.−El Paso 1997,
no writ), disapproved of on other grounds by J.F.C., 96 S.W.3d at 267 n.
39.  Furthermore, courts look to what the parent did both before and after the
child's birth to determine whether termination is necessary.  In re D.M.,
58 S.W.3d 801, 812 (Tex. App.−Fort Worth 2001, no pet.).

With respect to section 161.001(D), the
trial court found that Stephanie used illegal drugs while pregnant with all of
her children who were fathered by appellant and that the illegal drug use
endangered the physical or emotional well-being of all of the children in the
home.  The court found that appellant had taken no steps or made any
demonstrable efforts to prevent the illegal drug use by Stephanie.  The court
determined that by his failure to prevent the illegal drug use, appellant has
endangered the physical or emotional well-being of the children.  The trial
court also found that appellant endangered the physical or emotional well-being
of the children by arguing, yelling and screaming in front of the
children.      

The trial court further found that
appellant has remained adamant that he will remain with Stephanie despite her
repeated drug use and despite medical evidence that the injuries suffered by
A.M. were from child abuse at the hands of Stephanie.  The trial court found
that appellant has not demonstrated an ability to provide for future physical
or emotional safety of the children if left in his care.  

Appellant argued, in response, that
there was no evidence that he behaved knowingly as it related to endangering
conditions.  He argued that the home was clean, Stephanie’s drug use allegedly
occurred away from the home, and occasional arguing that does not involve
physical violence does not endanger the physical and emotional well-being of
the children.  Appellant also argued that while his brother sexually molested
L.V. in his home, there is nothing in the record to prove that appellant
knowingly permitted the abuse because the evidence was that the abuse occurred
while he and Stephanie were asleep upstairs.  

A pattern of drug abuse, including drug
use during the pregnancy of another child, will support a finding of conduct
endangering a child even if there is no evidence that the drug use injured the
child.  Vasquez v. Tex. Dep’t of Protective and Regulatory Servs.,
190 S.W.3d 189, 196 (Tex. App.−Houston [1st Dist.] 2005, pet. denied).  Further,
a history of drug abuse is conduct that subjects the children to a life that is
uncertain and unstable, endangering their physical and emotional well-being.  Edwards
v. Tex. Dep’t of Protective Servs., 946 S.W.2d at 138; see also
In re S.K.A., No. 10-08-00347-CV, 2009 WL 2645027 at *9 (Tex.
App.−Waco Aug. 19, 2009, no pet.) (stating that father’s failure to take
any action to protect unborn child from mother who used drugs during pregnancy
was sufficient to establish that he knowingly allowed children to remain in
condition and surroundings that endangered the child’s well-being).  One
parent’s drug-related endangerment of the child may be imputed to the other
parent.  Edwards, 946 S.W.2d at 138; see also In re E.J.P., No.
06-04-00131-CV, 2005 WL 2138573 at *4 (Tex. App.−Texarkana Sept. 25,
2005, no pet.) (mem. op.).                                                                                                                                                                                       
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           

            Appellant’s failure to take any action to
protect his children from Stephanie’s drug abuse is sufficient to establish
that he knowingly allowed the children to remain in conditions or surroundings
that endangered their physical well-being.  All three of appellant’s children
were exposed to cocaine in utero.  Appellant himself has tested positive for
cocaine.  Stephanie relapsed twice.  She was pregnant and appellant was the
father.  Lisa Ramirez, Stephanie’s drug counselor, suggested at trial that
Stephanie’s interaction with appellant “acted more like a trigger or stress.” 
Appellant knew about the drug abuse from October of 2005 until at least
February of 2008, yet he never attempted to protect his children.  It is
undisputed that Stephanie’s drug use endangered the children.  The evidence is
thus legally and factually sufficient to support the trial court's finding on
the ground that appellant knowingly allowed the children to remain in
conditions or surroundings that endangered their physical or emotional well
being.  We overrule appellant’s first issue.  Because the evidence at trial was
both factually and legally sufficient to support the trial court’s decision to
terminate appellant’s parental rights under section 161.001(1)(D) of the family
code, we do not address appellant’s remaining issues that attack the trial
court’s decision to also terminate appellant’s rights under sub-sections
161.001(E) and (O) of the family code.  See Tex. R. App. P. 47.1.

            By appellant’s fifth issue, he argues that
the Department failed to meet its burden to prove by clear and convincing
evidence that termination of appellant’s rights to the two children were in
their best interest.  In determining whether termination is in a child's best
interest, the fact-finder may consider the following non-exhaustive list of
factors outlined by the Texas Supreme Court:  (1) the desires of the child; (2)
the present and future physical and emotional needs of the child; (3) the
present and future emotional and physical danger to the child; (4) the parental
abilities of the person seeking custody; (5) the programs available to assist
those persons in promoting the best interest of the child; (6) the plan for the
child by those individuals or by the agency seeking custody; (7) the acts or
omissions of the parent that may indicate that the existing parent-child
relationship is not appropriate; (8) the stability of the home or proposed
placement; and (9) any excuse for the acts or omissions of the parents.  Holley,
544 S.W.2d at 371-72; see In re D.M., 58 S.W.3d at 814.  “‘Best
interest’ does not require proof of any unique set of factors, nor does it
limit proof to any specific factors.”  In re D.M., 58 S.W.3d at 814. 
The party seeking termination need not prove that each of the Holley
factors favors termination, and the same evidence of acts or omissions used
under section 161.001(1) of the family code may be probative in determining the
best interests of the child.  See In re A.A.A., 265 S.W.3d 507, 516
(Tex. App.−Houston [1st Dist.] 2008, pet. denied).  Specifically, cases
that involve endangering drug abuse are not the types of cases where the
parent's wrongful conduct should be ignored.  See Toliver v. Tex. Dep't of
Family & Protective Servs., 217 S.W.3d 85, 101-02 (Tex.
App.−Houston [1st Dist.] 2006, no pet.); In re L.M., 104 S.W.3d
642, 648 (Tex. App.−Houston [1st Dist.] 2002, no pet.).  Evidence of a
parent's unstable lifestyle can support the conclusion that termination is in
the child's best interest.  In re M.R., 243 S.W.3d 807, 821 (Tex.
App.−Fort Worth 2007, no pet.).  In particular, a parent's drug use and
failure to comply with a family service plan support a finding that termination
is in the best interest of the child.  Id.

            Appellant argues that he has committed
himself to preventing his children from seeing Stephanie if the trial court
terminated her rights, but not his.  He also testified at trial that he planned
to marry Stephanie.  While the children are now doing well in their foster
placements, appellant urges that continuing changes in their placement will
present a significant emotional risk to the children.  He further claims that
he has taken parenting classes and has adequate skills to manage S.M. and J.M. 

            Although evidence of past misconduct or
neglect is not sufficient to show unfitness, a fact finder may permissibly
infer that an adult’s future conduct may well be measured by recent deliberate
past conduct as it relates to the same or a similar situation.  Jordan v.
Dossey, 325 S.W.3d 700, 732 (Tex. App.−Houston [1st Dist.] 2010, pet.
filed); see May v. May, 829 S.W.2d 373, 377 (Tex. App.−Corpus
Christi 1992, writ denied).  Here, the trial court could have reasonably
concluded that appellant knew for many years that Stephanie abused cocaine, yet
the three children he fathered were subjected to cocaine in utero.  Appellant
did not believe that Stephanie had abused A.M., nor did he believe that L.V.
was molested by his brother.  

Craig testified that she believed that
appellant put his needs and those of Stephanie above the needs of the
children.  With respect to appellant’s parenting ability, Craig opined that she
did not believe appellant’s behavior was conducive to forming a bond with A.M. 
Although appellant had bonded with J.M., he could not control his behavior.  Craig
opined that she did not believe that either parent demonstrated the skills to
keep the children safe and believed termination was in the best interest of the
children.  

Craig also stated that A.M. and J.M.
have flourished in foster care.  She believed the best plan was for the
children to be adopted.  The evidence was legally and factually sufficient to
support the best interest finding.  We overrule issue five.

 

V. Conclusion

            Having ruled on all of the dispositive issues,
we affirm the judgment of the trial court.

 

                                                                        ROSE
VELA

                                                                                    Justice

Delivered and filed
the 

24th day of February,
2011.









[1]
On February 17, 2011, this Court severed Stephanie’s case and it remains
pending as cause number 13-11-00080-CV.





[2]The
trial court terminated appellant’s parental rights, determining that the
Department had introduced clear and convincing evidence of violations of
sections 161.001(D), (E) and (O) of the Texas Family Code.  Tex. Fam. Code Ann. § 161.001(D), (E)
and (O) (Vernon Supp. 2010).