NUMBER 13-11-00080-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

IN
THE INTEREST OF L.V., J.M., A.M., MINOR CHILDREN

                                                                                                                     
  

 

On appeal from County
Court at Law No. 5 

of Nueces County,
Texas.

                                       
                                                                              

 

MEMORANDUM OPINION

 

Before Justices
Benavides, Vela, and Perkes

Memorandum Opinion by
Justice Vela

 

This is an appeal from a judgment
terminating appellant’s parental rights to two children, A.M. and J.M., under sections
161.001(1)(D), (E), (O), (P) and (R) of the Texas Family Code.  See Tex. Fam. Code Ann. § 161.001(1) (D),
(E), (O), (P), and (R) (West Supp. 2010).  The trial court also found that
termination is in the children’s best interest.  See § 161.001(2).  The
case was tried jointly with appellant’s boyfriend, the father of A.M. and J.M.,
whose rights to the two children were also terminated.  

 By one issue, appellant urges that the
evidence was legally and factually insufficient to support the trial court’s
finding that termination of the parent-child relationship between appellant and
two of her children was in the children’s best interest.  We affirm.

I.
 Background

            

 Appellant has five biological children;
two of them, A.M. and J.M., are the children who are the subjects of this appeal. 
On March 7, 2008, L.V., appellant’s oldest child, J.M., and A.M. were brought
into the care of the Department of Family and Protective Services (the
“Department”) after A.M. tested positive for cocaine at birth.  Appellant also
testified positive for cocaine on the same date.  

The children were later returned to the
home, but were removed from the home again in April of 2009, based upon
allegations that appellant had physically abused A.M. by breaking the child’s
arm while removing her from a child safety seat and by slapping the child.  The
trial court found that appellant was the cause of physical injury to A.M. by
causing a slap-mark bruise on her cheek, scarring the soft tissue of A.M.’s
mouth, and by fracturing her arm.  

Dr. Nancy Harper testified that x-rays
revealed that A.M’s right humerus was fractured as well as her left radius. 
She described the injury as a “classical metaphyseal fracture.”  Dr. Harper
stated that this type of fracture is a very specific type of injury in children
who are victims of non-accidental trauma.  She testified that A.M. will not
likely regain full motion in her elbow.  Dr. Harper also indicated that A.M. had
a slap mark on her face and her opinion was that A.M. had been slapped by an
adult.  Dr. Harper believed that if A.M. was returned to the home, the child would
be at grave risk.

Appellant testified that she used
cocaine within a month before A.M. was born.  She admitted that she began using
cocaine at age sixteen.  Appellant tested positive for cocaine in September and
December of 2005 as well as in January, February, and March of 2006.  J.M.,
appellant’s son, was born October 12, 2006.  Appellant admitted that the children
who are the subject of this appeal had been exposed to cocaine in utero.  She
also admitted that she knew cocaine use was harmful to A.M., who weighed only three
pounds and twelve ounces at birth.  Appellant was ordered to attend drug
counseling, but she relapsed in December of 2008 and in March of 2009.

A family service plan was put in place
for appellant, which required her to pay child support, submit to psychological
evaluation and testing, participate in counseling, and submit to random drug
testing.  Appellant admitted at trial that she did not meet some of the service
plan requirements.  

Angela Craig, a parenting coach and the guardian
ad litem who was assigned to assist appellant, testified that since the
children have been in foster care they have flourished.  Craig testified that appellant
did not take advantage of some of the programs offered even though appellant
took advantage of drug counseling and parenting classes, they were not “enough
for her to be successful either in parenting or in not relapsing.”  According
to Craig, appellant did not demonstrate the skills to keep the children safe. 
Craig opined that the parents had their opportunity to be parents and have not
demonstrated that they are able to do it.  She concluded that it was in the
children’s best interest to have the parents’ rights terminated.  She believed
that the best plan is for the children to be adopted.  

II. Standard of Review

Involuntary termination of parental
rights involves fundamental constitutional rights and divests the parent and
child of all legal rights, privileges, duties, and powers normally existing
between them, except for the child's right to inherit from the parent.  Holick
v. Smith, 685 S.W.2d 18, 20 (Tex. 1985); see In re D.S.P., 210
S.W.3d 776, 778 (Tex. App.−Corpus Christi 2006, no pet.).  “Consequently,
termination proceedings must be strictly scrutinized, and ‘involuntary
termination statutes are strictly construed in favor of the parent.’”  In re
D.S.P., 210 S.W.3d at 778 (quoting Holick, 685 S.W.2d at 20).

 Due process requires that termination
be supported by clear and convincing evidence.  In re E.M.E., 234 S.W.3d
71, 72 (Tex. App.−El Paso 2007, no pet.) (citing In re J.F.C., 96
S.W.3d 256, 263 (Tex. 2002)); see Tex.
Fam. Code Ann. § 161.001.  This intermediate standard falls between the
preponderance of the evidence standard of civil proceedings and the reasonable
doubt standard of criminal proceedings.  In re E.M.E., 234 S.W.3d at
73.  It is defined as the “measure or degree of proof that will produce in the
mind of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established.”  Tex.
Fam. Code Ann. § 101.007 (West 2008).

In reviewing the legal sufficiency of
the evidence supporting parental termination, we must look at all the evidence
in the light most favorable to the finding to determine whether a reasonable
trier of fact could have “formed a firm belief or conviction about the truth of
the matter on which the movant in a termination proceeding bore the burden of
proof.”  In re D.S.P., 210 S.W.3d at 778 (citing In re J.F.C., 96
S.W.3d at 266).  We must assume that the fact finder resolved disputed facts in
favor of its finding, if it was reasonable to do so, and must disregard all
evidence that a reasonable fact finder could have disbelieved or found to be
incredible.  Id.; see In re E.M.E., 234 S.W.3d at 73. 
“This does not mean we must disregard all evidence that does not support the
finding, but if we determine that no reasonable fact finder could have formed a
firm belief or conviction that the matter to be proven is true, then the
evidence is legally insufficient.”  In re E.M.E., 234 S.W.3d at 73.

            In reviewing the evidence for factual
sufficiency, we must give due deference to the fact finder's findings and not
supplant its judgment with our own.  In re H.R.M., 209 S.W.3d 105, 108
(Tex. 2006).  We must determine whether, on the entire record, a fact finder
could reasonably form a firm conviction or belief about the truth of the matter
on which the movant bore the burden of proof.  In re C.H., 89 S.W.3d 17,
27 (Tex. 2002); In re T.B.D., 223 S.W.3d 515, 517 (Tex. App.–Amarillo
2006, no pet.).  If, in light of the entire record, the disputed evidence that
a reasonable fact finder could not have credited in favor of the finding is so
significant that a fact finder could not reasonably have formed a firm belief
or conviction in the truth of its finding, then the evidence is factually
insufficient.  In re H.R.M., 209 S.W.3d at 108.

III.  Analysis

Before terminating parental rights, the
trial court must find that:  (1) the parent committed an act prohibited by
section 161.001(1) of the family code, and (2) termination is in the best
interest of the child.  Tex. Fam. Code
Ann. § 161.001; In re N.A.F., 282 S.W.3d 113, 115 (Tex.
App.−Waco 2009, no pet.).  The fact finder must find that both elements
are established by clear and convincing evidence; proof of one element does not
relieve the movant of the burden of proving the other.  In re N.A.F.,
282 S.W.3d at 115-16 (citing Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976))
(other citations omitted). 

        Here, the trial court found that
clear and convincing evidence existed with respect to several grounds for
termination that were pleaded in this case.  However, appellant challenges only
that the decision to terminate her rights was not in the children’s best
interest.  In determining whether termination is in a child's best interest,
the fact-finder may consider the following non-exhaustive list of factors
outlined by the Texas Supreme Court:  (1) the desires of the child; (2) the
present and future physical and emotional needs of the child; (3) the present
and future emotional and physical danger to the child; (4) the parental
abilities of the person seeking custody; (5) the programs available to assist
those persons in promoting the best interest of the child; (6) the plan for the
child by those individuals or by the agency seeking custody; (7) the acts or
omissions of the parent that may indicate that the existing parent-child
relationship is not appropriate; (8) the stability of the home or proposed
placement; and (9) any excuse for the acts or omissions of the parents.  Holley,
544 S.W.2d at 371-72; see In re D.M., 58 S.W.3d 801, 814 (Tex.
App.–Fort Worth 2001, no pet.).  “‘Best interest’ does not require proof of any
unique set of factors, nor does it limit proof to any specific factors.”  In
re D.M., 58 S.W.3d at 814.  The party seeking termination need not prove
that each of the Holley factors favors termination, and the same
evidence of acts or omissions used under section 161.001(1) of the family code
may be probative in determining the best interests of the child.  In re
A.A.A., 265 S.W.3d 507, 516 (Tex. App.−Houston [1st Dist.] 2008, pet.
denied).  Specifically, cases that involve endangering drug abuse are not the
types of cases where the parent's wrongful conduct should be ignored.  See
Toliver v. Tex. Dep't of Family & Protective Servs., 217 S.W.3d 85,
101-02 (Tex. App.–Houston [1st Dist.] 2006, no pet.); In re L.M., 104
S.W.3d 642, 648 (Tex. App.–Houston [1st Dist.] 2003, no pet.).  Evidence of a
parent's unstable lifestyle can support the conclusion that termination is in
the child's best interest.  In re M.R., 243 S.W.3d 807, 821 (Tex. App.–Fort
Worth 2007, no pet.).  In particular, a parent's drug use and failure to comply
with a family service plan support a finding that termination is in the best
interest of the children.

        Appellant argues that she has
made great strides in getting her life in check, thus her parental rights
should not be terminated.  The supreme court has stated, however, that even
when recent improvements are significant, “evidence of improved conduct,
especially of short-duration, does not conclusively negate the probative value
of a long history of drug use and irresponsible choices.”  In re J.O.A.,
283 S.W.3d 336, 346 (Tex. 2009).  A trier of fact is not required to ignore a
long history of drug abuse merely because there was testimony that such conduct
had recently abated.  In the Interest of R.W., 129 S.W.3d 732, 742 (Tex.
App.–Fort Worth 2004, pet. denied).

Here there was testimony of a long
history of drug abuse by appellant.  There was further testimony with respect
to physical abuse upon A.M.  There was also testimony that the children were
flourishing in foster care and that the parents did not demonstrate the skills
required to keep the children safe.  The evidence was legally and factually
sufficient to show that termination was in the best interest of the children.  Although
evidence of past misconduct or neglect is not sufficient to show unfitness, a
fact finder may permissibly infer that an adult’s future conduct may well be measured
by recent deliberate past conduct as it relates to the same or a similar
situation.  Jordan v. Dossey, 325 S.W.3d 700, 732 (Tex.
App.−Houston [1st Dist.] 2010, pet. denied); see May v. May,
829 S.W.2d 373, 377 (Tex. App.−Corpus Christi 1992, writ denied).  Appellant’s
sole issue is overruled.

IV. Conclusion

            We affirm the judgment of the trial court.

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

Delivered and filed
the

2nd day of June,
2011.