

# NUMBER 13-11-00613-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF B.R.C., A CHILD

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant R.L. challenges the termination of his parental rights to B.R.C., a child.[1]

By two issues, R.L. argues that his trial counsel was ineffective for failing to preserve a

legal and factual sufficiency of the evidence issue for appeal and that due process

requires this Court to address the evidentiary issue even if not preserved.   We affirm.

---

[1] We use the initials of the involved parties to protect the identity of the the minor child.   *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8.

## I. Background

On November 30, 2009, the Department of Family and Protective Services (the Department) filed its original petition for protection of a child, for conservatorship, and for termination of the parent-child relationship between B.R.C. and her mother, M.C., and alleged father, R.L.[2] B.R.C. had come into the Department's custody on November 25, 2009, after being left alone in her stroller at a bakery in Weslaco, Texas. B.R.C. was approximately two and a half months old at the time.

Temporary orders entered in January 2010 placed B.R.C. in foster care pending final resolution of the Department's petition. Throughout the various events in 2010 related to B.R.C.'s custody, R.L. was incarcerated for abandoning B.R.C. at the bakery. *See* TEX. PENAL CODE ANN. § 22.041(b) (West 2011) (providing that a person commits an offense if he "intentionally abandons [a] child in any place under circumstances that expose the child to an unreasonable risk of harm"). In December 2010, a Hidalgo County associate judge terminated the parent-child relationship between B.R.C. and M.C. and R.L. R.L. appealed the associate judge's order, requesting a trial de novo on the Department's termination petition.[3]

The Department's termination petition was tried to the bench in Hidalgo County district court on June 23, 2011. The trial court issued its final termination order on September 14, 2011. This appeal followed.

## II. Ineffective Assistance of Counsel

By his first issue, R.L. argues that his trial counsel was ineffective for failing to

---

[2] R.L. was eventually adjudicated the biological father of B.R.C.

[3] M.C. initially appealed the associate judge's termination order, but later abandoned her appeal.

object to the sufficiency of the evidence supporting the trial court's termination order. R.L. argues that counsel's failure to file a statement of appellate points or motion for new trial incorporating those appellate points, which he contends is required by section 263.405 of the family code, did not preserve the sufficiency issue for appeal and therefore prejudiced the outcome of R.L.'s case.

In a suit filed by a governmental entity in which termination of the parent-child relationship is requested, indigent parents who respond in opposition to the termination are entitled to the appointment of counsel to represent their interests. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2011). This statutory right to the appointment of counsel necessarily embodies the right to effective assistance of counsel at every critical stage of the proceeding. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003).

In a parental termination suit, the appropriate standard of review for effective assistance of counsel is the same standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *In re M.S.*, 115 S.W.3d at 545. The *Strickland* standard is well-established, fairly straightforward, and places a high burden on the movant to establish that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the complaining party. *Strickland*, 466 U.S. at 687; *In re M.S.*, 115 S.W.3d at 545.

With respect to whether counsel's performance was deficient, we take into account all of the circumstances surrounding the case and primarily focus on whether counsel performed in a "reasonably effective" manner—that is, whether the errors made by counsel were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *In re M.S.*, 115 S.W.3d at 545, (quoting *Strickland*, 466 U.S. at

3

687). In making this determination, we give great deference to counsel's performance, and we find ineffective assistance of counsel only in those situations where the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). If deficiency is found, we will find that the complaining party was prejudiced only if there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The version of section 263.405 relied on by R.L. provides that in the appeal of a termination order

> [t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually and legally insufficient is not sufficiently specific to preserve an issue for appeal.

Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 TEX. SESS. LAW SERV. 332, 332 (West) (codified at TEX. FAM. CODE ANN. § 263.405(i)), *repealed by* Act of May 5, 2011, 82nd Leg., R.S., ch. 75, § 5, 2011 TEX. SESS. LAW SERV. 349, 349. It is undisputed that counsel for R.L. filed no such statement of points or motion for new trial. However, this version of section 263.405 was repealed in 2011, and the version of the statute applicable to the September 14, 2011 termination order in this case does not require the statement of points required by the repealed version. *See* Act of Act of May 5, 2011, 82nd Leg., R.S., ch. 75, §§ 4, 5, 2011 TEX. SESS. LAW SERV. 349, 349 (current version at TEX. FAM. CODE ANN. § 263.405 (West Supp. 2011)); *see also In re S.R.*, No. 02-11-00153-CV, 2012 WL 3038508, at *15 n.10 (Tex. App.—Fort Worth July 26, 2012, no pet.) (mem. op.)

4

("Litigants whose parental rights are terminated by final orders rendered on or after [September 1, 2011] need no longer file statements of points."). Rather, the legal and factual sufficiency of the evidence may be raised for the first time in an appeal of a non-jury trial. *See* TEX. R. APP. P. 33.1(d).

Because R.L.'s trial counsel was not required to file a statement of points in order to preserve his evidentiary sufficiency issue, we cannot agree with R.L.'s contention on appeal that counsel's performance was deficient for failing to do so. *See id.*; TEX. FAM. CODE ANN. § 263.405; *In re M.S.*, 115 S.W.3d at 545. Moreover, because we conclude below that the evidence at trial was, in fact, sufficient to support the trial court's termination order, R.L. would not have been prejudiced by his counsel's failure to preserve the sufficiency issue even if the old statute applied. *See Strickland*, 466 U.S. at 694; *see also In re S.M.T.*, 241 S.W.3d 650, 654 (Tex. App.—Beaumont 2007, no pet.) (applying pre-2011 version of section 263.405 and finding no prejudice in counsel's failure to file statement of points where the evidence at trial was sufficient to support termination). R.L.'s first issue is overruled.[4]

### III. Sufficiency of the Evidence

Although R.L. does not bring a separate issue challenging the sufficiency of the evidence supporting the trial court's best-interests determination in the termination order, we believe he adequately raised a sufficiency issue through various arguments made in his ineffective assistance and due process issues. *See* TEX. R. APP. P. 38.1(f). And

---

[4] By his second issue, R.L. argues that his substantive due process rights would be violated if we failed to address his unpreserved evidentiary sufficiency issue. *See Matthews v. Eldridge*, 424 U.S. 319, 334-35 (1976); *see also Lassiter v. Dep't of Social Servs. of Durham County, N.C.*, 452 U.S. 18, 27 (1981). But having concluded that it was unnecessary to preserve this issue, we further conclude that the due process rights invoked by R.L. are not implicated in this case. We overrule his second issue.

having determined that it was unnecessary for R.L.'s trial counsel to preserve any evidentiary sufficiency issue in the trial court for us to reach it on appeal, we now address R.L.'s sufficiency arguments.

Involuntary termination of parental rights involves fundamental constitutional rights and divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *see In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.—Corpus Christi 2006, no pet.). "Consequently, termination proceedings must be strictly scrutinized, and 'involuntary termination statutes are strictly construed in favor of the parent.'" *In re D.S.P.*, 210 S.W.3d at 778 (quoting *Holick*, 685 S.W.2d at 20)).

Due process requires that termination be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)); *In re D.S.P.*, 210 S.W.3d at 778; *see* TEX. FAM. CODE. ANN. § 161.001 (West Supp. 2011). This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re E.M.E.*, 234 S.W.3d at 73. It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence supporting parental termination, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have "formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof." *In*

6

*re D.S.P.*, 210 S.W.3d at 778 (citing *In re J.F.C.*, 96 S.W.3d at 266). We assume that the fact finder resolved disputed facts in favor of its finding if it was reasonable to do so and disregard all evidence that a reasonable fact finder could have disbelieved or found to be incredible. *Id.*; *In re E.M.E.*, 234 S.W.3d at 73.

In reviewing the evidence for factual sufficiency, we give due deference to the fact finder's findings and do not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, on the entire record, a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2005); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

Before terminating parental rights, the trial court must find (1) that the parent committed an act prohibited by section 161.001(1) of the family code, and (2) that termination is in the best interests of the child. TEX. FAM. CODE ANN. § 161.001; *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Here, R.L. challenges only the best-interests finding. Although it is true that keeping a child with a parent is often in the child's best interest, *see In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006), it is also presumed that prompt and permanent placement of the child in a safe environment is in the child's best interest. TEX. FAM. CODE ANN. § 263.307(a) (West 2008). When considering whether parental termination is in the child's best interests, we consider the following non-exhaustive list of factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parenting abilities of the parties seeking custody; (5) the programs available to assist the parties seeking custody; (6) the plans for the child by the parties seeking

7

custody; (7) the stability of the home or proposed placement; (8) the acts or omissions committed by the parent which may indicate that the existing parent child relationship is not proper; and (9) any excuse for the acts or omissions committed by the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The party seeking parental termination is not required to prove all nine factors. *See In re C.H.*, 89 S.W.3d at 27 (stating that these considerations are not exhaustive or "that all such considerations must be proved as a condition precedent to parental termination"). Moreover, in some cases, undisputed evidence of just one factor may be sufficient to support a finding that termination is in the best interest of the child. *Id.*

R.L. argues that there was no evidence at trial that: R.L. suffered from mental disease or defect rendering him incapable of making sound judgments on B.R.C.'s behalf; R.L. had an extensive criminal record demonstrating that he posed a risk to B.R.C.; R.L. physically or emotionally abused B.R.C.; or B.R.C. was in need of medical attention when taken into the Department's custody in November 2009. R.L. also points to evidence admitted at trial that, at the time of the June 2011 trial de novo, he lived in a nice house that was suitable for a child to reside in.

But the absence of evidence referenced by R.L. does not diminish the effect of the ample evidence admitted by the Department showing that termination was in B.R.C.'s best interests. There was evidence at trial that it was R.L. who abandoned B.R.C. at the bakery in Weslaco in November 2009 when she was less than three months old. At the time of the June 2011 trial, B.R.C. was less than two years old. The evidence at trial established that R.L. had been incarcerated in either county jail or a state prison for approximately eleven months of B.R.C.'s life. The testimony of the Department

8

caseworker in charge of B.R.C.'s case established that, during the time that R.L. was not incarcerated and B.R.C. was in the Department's custody, R.L. made no efforts to visit or otherwise have contact with B.R.C. The caseworker testified that R.L. did not submit to the drug screenings or complete the substance abuse and psychological counseling ordered by the court as part of his service plan to regain custody of B.R.C. The caseworker testified that he went to R.L.'s home in an attempt to communicate with him about B.R.C. and about compliance with the service plan but was never able to make contact with R.L. The caseworker testified that the Department's plan for B.R.C. was adoption by a family that could provide a stable home environment. R.L. offered no testimony or other evidence to contradict the caseworker's testimony.

We believe the evidence admitted at trial shows that R.L. posed both an emotional and physical danger to B.R.C. and that he does not have the parenting abilities to adequately care for her. *See Holley*, 544 S.W.2d at 372. He abandoned an infant in a public place; did not comply with the aspects of his service plan imposed to improve his parenting abilities; and made no effort to establish a bond with B.R.C. through visits or other contacts while she was in the Department's custody. In fact, we believe the undisputed evidence of R.L.'s failure to make any efforts to establish a relationship with B.R.C. was enough to support the trial court's best-interests determination. *See In re C.H.*, 89 S.W.3d at 27. The Department's plan for the adoption of B.R.C. by a family that can provide a stable home environment is but a further factor supporting the trial court's best-interests determination. *See Holley*, 544 S.W.2d at 372; *see also In re C.H.*, 89 S.W.3d at 27.

The only excuse offered by R.L. for any of the foregoing is that he was incarcerated

for a substantial part of the time period of this case. But we cannot agree with R.L. that his incarceration is an adequate excuse. Rather, the fact that R.L. was separated from B.R.C. for eleven months of her first two years because of his incarceration is but another factor that weighs in favor of termination. *See In re C.H.*, 89 S.W.3d at 27. It was reasonable for the trial court to disregard the evidence offered by R.L. about his house in light of the ample evidence that R.L. does not possess the parenting abilities to adequately care for B.R.C. *See In re E.M.E.*, 234 S.W.3d at 73. In sum, we will not disturb the trial court's findings as to B.R.C.'s best interests as it was reasonable for the court to credit the evidence admitted in favor of termination. *See id.*; *In re H.R.M.*, 209 S.W.3d at 108.

Having viewed the foregoing in both the light most favorable to the trial court's finding and as an entire record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that termination of R.L.'s parental rights was in B.R.C.'s best interests. *See In re D.S.P.*, 210 S.W.3d at 778; *see also In re H.R.M.*, 209 S.W.3d at 108. We therefore conclude that the evidence was both legally and factually sufficient to support the termination order in this case. R.L.'s sufficiency issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 11th
day of October, 2012.

10