

# NUMBER 13-13-00033-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF B.W., B.W., AND R.C. JR., CHILDREN

### On appeal from the County Court at Law No. 1
### of Calhoun County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant M.W. challenges the trial court's order granting appellee's, the Texas Department of Family and Protective Services, petition to terminate her parental rights to B.W., B.W., and R.C. Jr., children. Counsel for M.W. has filed an *Anders* brief. Appellant R.C. Sr. challenges the trial court's order granting the Department's petition to terminate his parental rights to R.C. Jr, a child. By one issue, R.C. Sr. argues that the evidence was insufficient to support the trial court's termination of his parental rights on

the statutory grounds enumerated in the court's order.   We affirm, in part, and reverse and remand, in part.

## I.   Termination of M.W.'s Rights

Concluding that the appeal in her case would be frivolous, counsel for M.W. has filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.   We affirm, on *Anders* grounds, as to the termination of M.W.'s parental rights.

### A.   Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), M.W.'s court-appointed appellate counsel has filed a brief with this Court, stating that he has diligently reviewed the record and the applicable law and concluding that, in his professional opinion, the record shows no reversible error.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *see also Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental-termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief.").

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), M.W.'s counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.   Counsel has informed this Court that he has:   (1) examined the record and found no arguable grounds to advance

2

on appeal, (2) served his brief and motion to withdraw on M.W., and (3) informed M.W. of her right to review the record and to file a pro se response.[1]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and M.W. has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## B.  Independent Review

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous."  *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M. & X.M.*, No. 13–08–00569–CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.); *In re M.P.O.*, No. 13–08–00316–CV, 2009 WL 39097, at *1 (Tex. App.—Corpus Christi Jan. 8, 2009, no pet.) (mem. op.).   We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[1] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)); *see also In re K.M.B.*, No. 03–08–0041–CV, 2008 WL 2852301, at *1 (Tex. App.—Austin July 25, 2008, no pet.) (mem. op.) (addressing issues raised in a pro se response and a pro se letter after appellate counsel filed an *Anders* brief in a parental-rights termination case).

## II. Termination of R.C. Sr.'s Rights

By one issue, R.C. Sr. argues that the trial court erred in terminating his parental rights on the grounds specified in its order. In the termination order, the trial court gave the following as its statutory grounds for termination of R.C. Sr.'s rights: "[R.C. Sr.] has knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment. [R.C. Sr.] showed conscious disregard of parental responsibilities and voluntarily abandoned his child." R.C. Sr. argues the trial court's order is ambiguous and does not correspond to any of the statutory grounds for termination enumerated in the family code. *See* TEX. FAM. CODE ANN. § 161.001(1)(A)–(T) (West Supp. 2011). R.C. Sr. then argues that, to the extent the trial court's order references subsection (1)(N) (constructive abandonment) or (1)(Q) (incarceration for not less than two years from the date of the petition), the evidence at the termination hearing was insufficient to support either ground.

With regard to R.C. Sr.'s argument that the order is ambiguous, we disagree as to the first sentence of the above-quoted excerpt, which clearly tracks subsection (1)(Q). Subsection (1)(Q) provides that parental rights may be terminated if the parent has "knowingly engaged in criminal conduct that has resulted in the parent's . . . conviction of an offense . . . and . . . confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." *See id.* § 161.001(1)(Q). As such, we first address whether the evidence at the termination hearing was sufficient to support this statutory ground of termination.

Involuntary termination of parental rights involves fundamental constitutional rights

4

and divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *see In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.—Corpus Christi 2006, no pet.). "Consequently, termination proceedings must be strictly scrutinized, and 'involuntary termination statutes are strictly construed in favor of the parent.'" *In re D.S.P.*, 210 S.W.3d at 778 (quoting *Holick*, 685 S.W.2d at 20)).

Due process requires that termination be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)); *In re D.S.P.*, 210 S.W.3d at 778; *see* TEX. FAM. CODE ANN. § 161.001. This intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *In re E.M.E.*, 234 S.W.3d at 73. It is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence supporting parental termination, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have "formed a firm belief or conviction about the truth of the matter on which the movant in a termination proceeding bore the burden of proof." *In re D.S.P.*, 210 S.W.3d at 778 (citing *In re J.F.C.*, 96 S.W.3d at 266). We assume that the fact finder resolved disputed facts in favor of its finding if it was reasonable to do so and disregard all evidence that a reasonable fact finder could have disbelieved or found to be

5

incredible.  *Id.*; *In re E.M.E.*, 234 S.W.3d at 73.

In reviewing the evidence for factual sufficiency, we give due deference to the fact finder's findings and do not supplant its judgment with our own.  *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).  We determine whether, on the entire record, a fact finder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof.  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2005); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

Before terminating parental rights, the trial court must find (1) that the parent committed an act prohibited by section 161.001(1) of the family code, and (2) that termination is in the best interests of the child.  TEX. FAM. CODE ANN. § 161.001; *In re J.L.,* 163 S.W.3d 79, 84 (Tex. 2005).  Here, as discussed above, R.C. Sr. challenges only the statutory ground for termination; he does not challenge the trial court's finding that termination is in R.C. Jr.'s best interests.

Subsection (1)(Q), one of the grounds relied upon by the trial court in this case, provides that a court may order termination if it is shown by clear and convincing evidence that the parent "knowingly engaged in criminal conduct that has resulted in the parent's . . . conviction of an offense . . . and . . . confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." *See* TEX. FAM. CODE ANN. § 161.001(1)(Q).  Subsection (1)(Q) applies prospectively to the two-year period following the filing of the petition, not retrospectively to the two-year

6

period before the petition was filed.[2]  *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (citing *In re A.V.*, 113 S.W.3d 355, 360 (Tex. 2003)).

Here, the Department filed its petition for termination on September 2, 2011.   The only clear evidence in the record regarding the length of R.C. Sr.'s incarceration came from R.C. Sr.'s testimony.[3]   On direct examination by the Department, R.C. Sr. testified that he had been convicted of robbery in October 2007 and placed on probation.   His probation for that offense was revoked in December 2008, and he was sentenced to five years' incarceration at that point.   He testified that he is scheduled for release on April 26, 2013.   He clarified that this was not a potential parole date that was dependent upon a discretionary decision by the parole board, but was instead the date when he would be discharged for completion of his sentence.

On appeal, the Department argues that the April 2013 date was merely a possible parole date and was, therefore, no guarantee that R.C. Sr. would be released from prison at that time.   *See In re H.R.M.*, 209 S.W.3d at 109 ("Mere introduction of parole-related evidence, however, does not prevent a factfinder from forming a firm conviction or belief that the parent will remain incarcerated for at least two years.").   However, from our review of the record, it appears this was not the Department's position at the time of the hearing.   In its closing argument, the Department seemed to acknowledge that April

---

[2] We note that at the August 2012 termination hearing, the Department misrepresented this law to the trial court.  In its closing argument, the Department represented to the trial court that the two-year period included in subsection (1)(Q) was the two years *prior to* the petition being filed.  In other words, despite the 2003 Texas Supreme Court precedent expressly stating otherwise, the Department informed the trial court that subsection (1)(Q) applied retrospectively to the two-year period before the petition was filed.

[3] R.C. Sr.'s judgment of conviction was not entered as evidence, nor was there any testimony by case workers or other officials regarding R.C. Sr.'s conviction and sentence length.

2013 was when R.C. Sr. would be released from prison, not merely up for discretionary parole.[4]

Thus, having reviewed the entire record, we find that the only evidence relevant to the length of R.C. Sr.'s incarceration indicated that he would be released in April 2013, which would be less than two years from the September 2, 2011 termination petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(Q); *see also In re H.R.M.*, 209 S.W.3d at 108. Based on this evidence, no reasonable trier of fact could have formed a firm belief or conviction that the State established the subsection (1)(Q) statutory ground for termination, and the evidence supporting this ground was therefore legally insufficient. *See In re D.S.P.*, 210 S.W.3d at 778.

However, as to the second sentence of the complained-of excerpt—that R.C. Sr. "showed conscious disregard of parental responsibilities and voluntarily abandoned his child"—we agree with R.C. Sr. that this sentence is impermissibly vague. Indeed, it touches upon at least six of the statutory grounds enumerated in section 161.001(1). *See id.* §§ 161.001(1)(A), (B), (C), (D), (F), (N). Without more specificity, we cannot ascertain which statutory ground the trial court was referencing in its second sentence. Because of the ambiguity in the second statutory ground, we conclude the most appropriate disposition under the facts of this case is to remand the case to the trial court.[5]  *See* TEX. R. APP. P. 43.3(b).

---

[4] In his closing, counsel for the Department stated, "[R.C. Sr.]'s not scheduled for release until April of [2013]."

[5] We note that our customary procedure when faced with such an ambiguity would be to abate the case, order the trial court to clarify its order, and upon receipt of the clarified order, reinstate the appeal. However, the recently-enacted Texas Rule of Judicial Administration 6.2 imposes an absolute 180-day deadline for final disposition of cases involving the termination of parental rights.  *See* TEX. R. JUD. ADMIN.

8

We sustain R.C. Sr.'s appellate issue.

### III.  Conclusion

In accordance with our foregoing *Anders* review, we affirm the judgment of the trial court as to the termination of M.W.'s parental rights.   M.W.'s attorney has asked this Court for permission to withdraw as counsel for M.W.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motions to withdraw, carried with the case on February 22, 2013.   Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to M.W. and to advise her of her right to pursue a petition for review in the Supreme Court of Texas.[6]   *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

---

6.2(a).   In this case, the district clerk did not send this Court the notice of appeal until January 23, 2013—despite its being filed with the trial court on September 14, 2012.   Thus, under rule 6.2, we are required to issue a final disposition in this case on or before March 13, 2013.   For this reason, in this case, rule 6.2 precludes the Court from pursuing its normal course of action with regard to ambiguous trial court orders, and we are, instead, reversing the trial court's order on the basis of the ambiguity and remanding the case to the trial court for further proceedings.   *See* TEX. R. APP. P. 43.4(b) ("When reversing a trial court's judgment, the court must render the judgment the trial court should have rendered, except when . . . the interests of justice required a remand for another trial.").

[6] No substitute counsel will be appointed.   Should M.W. wish to seek further review of this case by the Supreme Court of Texas, she must either retain an attorney to file a petition for review or file a pro se petition for review.   Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a).   Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure.   TEX. R. APP. P. 53.2.

Having concluded that the evidence was insufficient to support the subsection (1)(Q) ground for termination but that the order's remaining statutory ground was ambiguous, we reverse the trial court's judgment as to the termination of R.C. Sr.'s rights and remand the case for further proceedings in accordance with this opinion.[7]

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
12th day of March, 2013.

---

[7] We do not alter the portion of the judgment regarding conservatorship of R.C. Jr. Reversal of a trial court's termination judgment does not affect the trial court's conservatorship appointment absent assigned error. *In re J.A.J.*, 243 S.W.3d 611, 613 (Tex. 2007) (reversal of termination judgment does not affect unchallenged conservatorship determination).